IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00109-MSK-BNB

RONALD RICHARD CREIGHTON, JR.,

Plaintiff,

v.

THREE UNKNOWN GLENDALE POLICE OFFICERS,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Prisoner Complaint in this case on January 23, 2006. On the same date, he filed a Prisoner Complaint against "Unknown Number of Greenwood Village Police Dept" [sic] in Civil Action No. 06-cv-00108-MSK-BNB ("Case 06-cv-00108). The plaintiff's address of record in both cases is the Arapahoe County Detention Facility

On May 10, 2006, the district judge mailed an order in Case 06-cv-00108 to the plaintiff at the Arapahoe County Detention Facility. On May 17, 2006, the envelope addressed to the plaintiff was returned to the Court as undeliverable.

On May 22, 2006, the Clerk's Office telephoned the Arapahoe County Detention Facility and was informed that the plaintiff has been released for time served. There is no forwarding address. The Court has not received a notice of change of address from the plaintiff as required by D.C.COLO.LCivR 10.1M.

Consequently, I ordered the plaintiff to show cause on or before June 16, 2006, why the Complaint should not be dismissed for failure to keep the Court informed of his current address in violation of D.C.COLO.LCivR 10.1M. I warned the plaintiff that, pursuant to D.C.COLO.LCivR

41.1, his failure to respond to my show cause order on or before June 16, 2006, would result in my recommendation that the Complaint be dismissed. The plaintiff has not responded to my Order to Show Cause. Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED for the plaintiff's failure to keep the Court informed of his current address in violation of D.C.COLO.LCivR 10.1M and for failure to comply with an order of this court. D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 21, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge